UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **VALERIE MASON,** | ) | **CASE NO. 1:15 CV 1283** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **TAP PHARMACEUTICAL PROD., INC.,** | ) | |
| et al., | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendants TAP Pharmaceutical Products, Inc. and Takeda Pharmaceuticals U.S.A., Inc.'s Motion to Dismiss ("Motion" or "Motion to Dismiss").[1] (**Doc #: 15**). For the reasons to follow, the Court **GRANTS** the Motion.

**I.**

On May 28, 2015, Plaintiff Valerie Mason filed this case in state court against Defendants TAP Pharmaceutical Products, Inc. ("TAP") and Takeda Pharmaceuticals U.S.A., Inc. ("TPUSA") (collectively, the "TAP Defendants") and Kaiser Permanente ("Kaiser"). Plaintiff asserts that, in 1995, she received six injections of Lupron Depot® 3.75 mg for her

---

[1] In the complaint, Plaintiff names as Defendants "TAP Pharmaceuticals aka Takeda Pharmaceutical." (Doc #; 1-2, at 2.) She served the complaint at the headquarters of Takeda Pharmaceuticals U.S.A., Inc., a wholly-owned subsidiary of Takeda Pharmaceutical Co. Ltd, a Japanese corporation with its headquarters in Japan. Because TAP Pharmaceutical Products, Inc. was the supplier of Lupron Depot at the time of Plaintiff's injections, the Court will construe the complaint as being filed against TAP Pharmaceutical Products, Inc. and Takeda Pharmaceuticals U.S.A., Inc.

endometriosis at a Kaiser medical facility, and that this was done without iron therapy and proper monitoring of her blood levels.[2] As a result, her endometriosis went unchecked, and she suffered a miscarriage, a hysterectomy, depression and post traumatic stress disorder due to Lupron poisoning. Although the injections took place 20 years ago, Plaintiff claims that she just discovered all of this "one year ago, after reviewing identifying documentation that recognizes both defendants in [her] medical record." (Comp. at 1.) As such, she brings product liability and negligence claims against the TAP Defendants as manufacturers and/or suppliers of Lupron, and a medical negligence claim against Kaiser based upon vicarious liability. She seeks $250,000 from the TAP Defendants, and $250,000 from Kaiser. Defendants timely removed the case to this Court based on diversity jurisdiction and, one month later, the TAP Defendants filed the pending Motion to Dismiss – asking the Court to dismiss the claims against it under Rule 12(b)(5) and (6). The Court has reviewed the Motion, the Opposition brief (Doc #: 16), and the record and is prepared to issue its ruling

## II.

### A.

TAP asks the Court to dismiss the claims against it under Rule 12(b)(5) for insufficient service of process, and because it cannot be sued. TAP asserts that it was the corporate entity that distributed Lupron in the United States in 1995 when Plaintiff received her injections. TAP was jointly and equally owned by Takeda America Holdings, a wholly-owned subsidiary of Takeda Pharmaceutical Co., Ltd., and Abbott Laboratories. TAP continued to own the Lupron

---

[2] Plaintiff asserts that "Lupron Depot was supposed to shrink tumors of the uterus with the assistance of iron therapy in patients who were anemic" such as her. (Doc #: 17, at 2.)

business through April 30, 2008, when the joint venture with Abbott Laboratories concluded.  At that time, Abbott exchanged its interest in TAP for the assets, liabilities, and employees related to the Lupron business.  By July 2008, TAP dissolved as a corporation when it was merged into TPNA (now known as TPUSA).

Under Delaware law (the State of TAP's incorporation), dissolved corporations continue only for a period of three years from the date of dissolution as a corporate body for the purpose of prosecuting and defending suits.  8 Del. C. § 278; *Beals v. Washington Int'l, Inc.*, 386 A.2d 1156, 1161 (Del. Ch. 1978).  For TAP, that period expired in 2011, four years before Plaintiff filed this suit.  Because TAP is no longer in business, it cannot be served; and because it dissolved in 2008, it cannot be sued.  Plaintiff, in her opposition brief, did not respond to this argument.[3]  Because TAP's factual assertions are undisputed, the claims against TAP must be dismissed.

**B.**

The TAP Defendants contend that TPUSA is not a proper party because it neither manufactured nor distributed Lupron.  TPUSA is a wholly-owned subsidiary of Takeda Pharmaceutical Co. Ltd., a Japanese company that owned Takeda America Holdings, which in

---

[3]Plaintiff's entire response to all of Defendants' factual and legal arguments follows:

> Now comes Plaintiff, Valerie Mason, pro se and indigent, filing this motion in opposition of Defendants request to dismiss Plaintiff's claim due to Federal Civil Rule Procedure 15; due to FDA Sec. 50.24 Enforcement of criminal liability for clinical investigation fraud 1995 and request that Defendants produce forms required by FDA from Pharmaceutical (TAP) and from Hospital (Kaiser) that they complied with administration of iron therapy to Plaintiff during 4/95-9/95 as stated in medical records.

(Doc #: 16.)

turn was a 50% owner in the joint venture creating TAP, the entity that dissolved in 2008. Because Plaintiff has alleged no connection between TPUSA and Lupron, the claims against TPUSA are dismissed.

### C.

The TAP Defendants argue that, even if TAP could be sued, Plaintiff could not state a product liability claim against it under the Ohio Product Liability Act ("OPLA"). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S Ct. at 1949 (citing *Twombly*, 550 U.S. at 55). The plausibility requirement is not a heightened pleading requirement, but "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Id.*

TAP contends that Plaintiff cannot state a manufacturer's liability claim against it under O.R.C. 2307.73 because it never manufactured Lupron, and she cannot state a claim against it under O.R.C. 2307.78 because she has failed to allege the elements of a supplier liability claim against it – not to mention any facts supporting such a claim.

Under O.R.C. 2307.78, a supplier is subject to liability for compensatory damages based on a product liability claim only if the plaintiff establishes, by a preponderance of the evidence, that either: (1) the supplier was negligent and that negligence was a proximate cause of plaintiff's injuries, or (2) the product in question did not conform to a representation made by the

supplier when it left the supplier's control, and that representation and the failure to conform to it proximately caused the plaintiff's injuries. O.R.C. 2307.78(A). Here, Plaintiff alleges that (unspecified) "defendants" were negligent in failing to administer iron therapy and monitor her blood levels when administering Lupron. The negligence she claims is not directed to Lupron itself, or to TAP as the supplier of Lupron, but to the failure of her medical providers to administer iron therapy or monitor her blood levels. Nor does she allege that Lupron failed to conform to any representation made by TAP.

Furthermore, to the extent Plaintiff alleges a claim for vicarious liability against TAP, that claim also fails. Vicarious liability is a theory of imposing liability on a principal for the actions of an agent. *See Comer v. Risko*, 106 Ohio St.3d 185, (2005). Plaintiff has not alleged a principal/agent relationship or any other facts to support a theory of vicarious liability against TAP. In any event, the OPLA is not a vicarious liability statute.

And, to the extent Plaintiff has alleged a *common-law* negligence and/or product liability claim against TAP, they are also dismissed because they are abrogated under the OPLA. See O.R.C. 2307.71(B).

**D.**

TAP contends that, even if Plaintiff could state a product liability claim against it, it would be time-barred. Ohio law provides a two-year statute of limitations for product liability claims. O.R.C. 2305.10(A). The claim accrues either on the date on which the plaintiff is informed by competent medical authority that the she has an injury related to the exposure, or on the date on which, by the exercise of reasonable diligence, she should have known she has an injury related to the exposure – whichever date occurs first. O.R.C. 2305.10(B). It is Plaintiff's

-5-

contention that she did not discover the identity of the entities responsible for her Lupron-related problems until a year ago. (Comp. at 1.) However, she also asserts that she received 6 injections of Lupron in 1995, that she "retained copies of her medical records with all the physicians who treated [her] conditions" (Doc #; 1-2, at 8), and that a "Kaiser Permanente report of 2-9-96 shows clearly that plaintiff is having health issues related to Lupron exposure." (Comp. at 1.) Given these allegations, Plaintiff has known for many years of her alleged Lupron-related health issues. Once a plaintiff determines the cause of her injury, the statute of limitations begins running, even though she did not know whether the drug was defective, *who manufactured the drug*, or the legal significance of the facts that she posses a possible product liability claim. *Yacub v. Sandoz Pharms. Corp.*, 101 F.Supp.2d 852, 866 (S.D. Ohio 1998) (emphasis added); *Lundy v. Lederle Labs., Div. of Am. Cyanamid Co.*, 54 Ohio App.3d 194 (1988) (dismissing as time-barred a claim where plaintiff believed ten years before filing the complaint that his injury was attributable to a drug). Thus, even if Plaintiff could state a product liability claim against TAP, it would be dismissed as time-barred.

### III.

For all these reasons, the Court **GRANTS** Defendants TAP Pharmaceutical Products, Inc. and Takeda Pharmaceuticals U.S.A., Inc.'s Motion to Dismiss (**Doc #: 15**), dismissing the claims against the TAP Defendants with prejudice.

**IT IS SO ORDERED.**

                                                       */s/ Dan A. Polster    August 17, 2015*
                                                       **Dan Aaron Polster**
                                                       **United States District Judge**